**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 22-4572

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

RAYMOND THOMAS,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond. Robert E. Payne, Senior District Judge. (3:10-cr-00105-REP-7)

Submitted: November 2, 2023                     Decided: November 15, 2023

Before RUSHING and HEYTENS, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:** Geremy C. Kamens, Federal Public Defender, Patrick L. Bryant, Appellate Attorney, Laura J. Koenig, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Alexandria, Virginia, for Appellant. Michael Calvin Moore, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Raymond Thomas appeals the district court's judgment revoking his supervised release and sentencing him to 24 months' imprisonment. Counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning whether Thomas' sentence is plainly unreasonable. Although notified of his right to do so, Thomas has not filed a pro se supplemental brief. The Government elected to not file a response. We affirm.

"We will affirm a revocation sentence if it is within the statutory maximum and is not plainly unreasonable." *United States v. Slappy*, 872 F.3d 202, 207 (4th Cir. 2017) (internal quotation marks omitted). "When reviewing whether a revocation sentence is plainly unreasonable, we must first determine whether it is unreasonable at all." *United States v. Thompson*, 595 F.3d 544, 546 (4th Cir. 2010). "In making this determination, we follow generally the procedural and substantive considerations that we employ in our review of original sentences, with some necessary modifications to take into account the unique nature of supervised release revocation sentences." *Slappy*, 872 F.3d at 207 (cleaned up). Only if a sentence is either procedurally or substantively unreasonable "do we consider whether it is plainly so, relying on the definition of plain used in our plain error analysis—that is, clear or obvious." *Id.* at 208 (cleaned up).

"A revocation sentence is procedurally reasonable if the district court adequately explains the chosen sentence after considering the Sentencing Guidelines' nonbinding Chapter Seven policy statements and the applicable 18 U.S.C. § 3553(a) factors." *United States v. Coston*, 964 F.3d 289, 297 (4th Cir. 2020) (internal quotation marks omitted); *see*

2

18 U.S.C. § 3583(e) (listing sentencing factors applicable to revocation proceedings). "A revocation sentence is substantively reasonable if, in light of the totality of the circumstances, the court states an appropriate basis for concluding that the defendant should receive the sentence imposed." *Coston*, 964 F.3d at 297 (internal quotation marks omitted). When considering the substantive reasonableness of a sentence, although "we must consider the extent of [any] variance from the [policy statement] range," we will not vacate a defendant's sentence just because we conclude a different sentence might have been appropriate. *United States v. McKinnie*, 21 F.4th 283, 292 (4th Cir. 2021), *cert. denied*, 142 S. Ct. 2798 (2022). Instead, "variant sentences are generally reasonable when the reasons justifying the variance are tied to § 3553(a) and are plausible." *Id.* (internal quotation marks omitted).

We conclude that Thomas' revocation sentence is procedurally and substantively reasonable. When imposing Thomas' revocation sentence, the district court correctly calculated the advisory policy statement range, imposed a sentence within the statutory maximum, considered the relevant statutory factors, and gave sufficiently detailed reasons for its decision. Although Thomas argued that employers spoke highly of him, that his wife supported him, and that he accepted responsibility for his conduct, the district court stressed that Thomas had—on two prior occasions—violated the terms of his supervised release and been granted lenient revocation sentences.

In accordance with *Anders*, we have reviewed the entire record and have found no meritorious grounds for appeal. Accordingly, we affirm the district court's judgment. This court requires that counsel inform Thomas, in writing, of the right to petition the Supreme

Court of the United States for further review.  If Thomas requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Thomas.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*